OPINION OF THE COURT
Harold J. Hughes J.
Both plaintiff and defendant seek summary judgment.
Plaintiff is a private not-for-profit health maintenance organization providing prepaid medical services. During February of 1979 its vice-president for finance and treasurer Norbert M. Meister became acquainted with Richard J. Gordon, a financial consultant. On March 25, 1979 Gordon recommended that plaintiff invest $100,000 in a certificate of deposit to be issued by defendant Bankers Trust Company of Albany, N. A. Meister obtained, with plaintiff’s funds, a $100,000 cashier’s check drawn on the Union First National Bank of Washington, D.C., payable to Bankers Trust Company of Albany, and delivered it to Gordon.
Upon receiving the cashier’s check Gordon took it to the defendant’s Latham branch and requested the branch manager to deposit the check in Gordon’s own personal *321 checking account. Without making inquiry of the drawer of the check, or the plaintiff, the defendant credited Gordon’s account with the amount of the check, allowing Gordon to withdraw the funds. The defendant collected the amount of the check from the Union First National Bank of Washington. Plaintiff never received its certificate of deposit, nor has it recovered its funds from Gordon.
In this action, plaintiff seeks summary judgment against defendant upon the theory that when a check is drawn to the order of a bank it may not be diverted to a use other than that intended by the drawer without authority from the drawer, and the payee bank is liable to the drawer for paying it to one who has no actual or apparent authority to receive the proceeds. Plaintiff alleges that upon receipt of the cashier’s check the defendant bank was under a duty to make inquiry of either the drawer, Union First National Bank of Washington, or of plaintiff as to the purpose of the check and the rights of Gordon with respect thereto.
Defendant’s main defenses are that plaintiff’s own intentional or negligent act of entrusting the cashier’s check to Gordon should cause this loss to fall upon the plaintiff rather than the defendant, and that since the check in question is a cashier’s check the rule relied upon by the plaintiff does not apply.
The law is well settled that upon receiving a check payable to itself, not representing funds owed to it, a bank has a duty to inquire of the drawer of the instrument as to the disposition of the funds (Key Appliance v National Bank of North Amer., 75 AD2d 92, 95). That duty is not satisfied by merely making inquiry of the messenger bearing the instrument (9 NY Jur 2d, Banks and Financial Institutions, §421, p 669). The defendant concedes that it did not make any inquiry of the drawer of the instrument and, unless one of its defenses is found to be meritorious, plaintiff must prevail.
As to its first defense, the Court of Appeals has recently held in Tonelli v Chase Manhattan Bank, N. A. (41 NY2d 667, 672) that “[t]he fact that an employee of the Fund, Fabio, entrusted the check to a dishonest messenger does not relieve Chase of liability for the improper exchange, *322 even if the employee himself were implicated in the scheme”. Clearly, the first defense is without merit.
Defendant’s second defense is premised upon reasoning such as that expressed by the Second Department in Dziurak v Chase Manhattan Bank (58 AD2d 103, 107, affd 44 NY2d 776) when that court stated, “[I]f the Legislature laid upon a bank the onus of questioning the reason for the issuance of all cashier’s checks it would destroy the efficacy of such instruments, which, for all practical purposes, are treated as the equivalent of cash”. While cognizant of the rationale underlying the general rule, this court holds that it does not apply to a case where a bank receives a cashier’s check payable to it. Under such circumstances, as with ordinary checks, the bank has a duty to make inquiry as to the disposition of the funds. That is so, because despite language such as that found in the Dziurak case that a cashier’s check is the equivalent of cash, in fact it is not, and is under the law a negotiable instrument governed by the Uniform Commercial Code and under certain circumstances payment of a cashier’s check can be stopped (Uniform Commercial Code, § 3-603). Defendant’s contention that, had inquiry been made of the drawing bank, it would have been unavailing is without factual support.
The motion of the plaintiff for summary judgment against the defendant in the amount of $100,000 with interest thereon from March 23, 1979 shall be granted, without costs on the motion.